UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-1277

_____

JAMES D. DAVIS,

        Plaintiff - Appellant,

    v.

WESTERN CAROLINA UNIVERSITY; UNIVERSITY OF NORTH CAROLINA,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Martin K. Reidinger, District Judge.  (2:14-cv-00006-MR-DLH)

_____

Argued:  May 11, 2017                             Decided:  June 13, 2017

_____

Before NIEMEYER, MOTZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Nicole R. Scallon, Christina J. Banfield, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant.  Catherine Faith Jordan, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.  **ON BRIEF:** Robert C. Carpenter, ADAMS, HENDON, CARSON, CROW AND SAENGER, P.A., Asheville, North Carolina; John J. Korzen, Director, Appellate Advocacy Clinic, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant.  Roy Cooper, North Carolina Attorney

General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Davis ("Appellant"), a professor of Spanish, was denied tenure from Western Carolina University ("WCU"). He then sued alleging WCU discriminated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, due to his mental illness. After extensive discovery, the district court granted summary judgment to WCU concluding that WCU denied Appellant tenure for reasons unrelated to his alleged disability. We determine that WCU denied Appellant tenure because of his misconduct, not his disability; therefore, we affirm.

I.

The district court provided a thorough recital of the facts below such that we do not need to repeat them in full here.[1] In short, beginning in 2006, Appellant held a tenure track position at WCU. In 2010, Appellant applied for tenure for the first time but withdrew his application when Dean Wendy Ford said she would recommend against his tenure because of concerns about his scholarship. He applied again in 2011, and, in late 2012, WCU denied his tenure application.

Before WCU's denial of tenure became final, Appellant filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") asserting that he was denied tenure because of his depression and depression-related mental health impairments. On November 22, 2013, Appellant received a letter from the EEOC

---

[1] We adopt the factual background set forth in the district court's opinion. *See Davis v. W. Carolina Univ.*, No. 2:14-CV-00006-MR-DLH, 2016 WL 8692894, at *6 (W.D.N.C. Feb. 19, 2016).

3

granting him the right to sue. On May 5, 2014, Appellant filed this action alleging that WCU denied him tenure because of his mental health related disabilities in violation of the ADA.

After extensive discovery and upon WCU's motion, the district court granted summary judgment to WCU. The court concluded that Appellant failed to present any evidence demonstrating that his discharge occurred as the result of discrimination. Rather, it determined that WCU denied Appellant tenure due to his numerous instances of misconduct.

Appellant timely appealed.

## II.

We review the district court's grant of summary judgment de novo. *See RLM Commc'n v. Tuschen*, 831 F.3d 190, 195 (4th Cir. 2016). "Summary judgment is appropriate only if no material facts are disputed and the moving party is entitled to judgment as a matter of law." *Dreamstreet Invs., Inc. v. MidCountry Bank*, 842 F.3d 825, 829 (4th Cir. 2016).

## III.

To establish a discrimination claim pursuant to the ADA, a party must establish his disability was the "but-for" cause of an adverse employment decision. *Gentry v. E. W. Partners Club Mgmt. Co.*, 816 F.3d 228, 235 (4th Cir. 2016). If an employer acts with a mixed motive -- both a discriminatory and non-discriminatory reason -- then the employer is not liable. *See id.* In other words, causation requires disability to be more than *a* motivating factor: it must be *the only* motivating factor. *See id.*

4

Here, the undisputed evidence amply demonstrates that WCU's decision was motivated primarily by Appellant's numerous instances of gross misconduct and not his disability. Appellant's gross misconduct included, but was not limited to, a poem he wrote depicting the rape of Dean Ford, a story he wrote about killing a faculty member, and threats directed against those involved in the tenure process. Because of the alarming and continuous nature of Appellant's misconduct, multiple faculty members suffered from anxiety, sleep deprivation, and were afraid to come to work.

Indeed, as to Appellant's misconduct, Dean Gibbs Knotts, who recommended against Appellant's 2011 tenure application, specifically identified an incident where campus law enforcement filed a report against Appellant for making derogatory comments to construction workers who had called the police to have Appellant's illegally parked vehicle towed. Additionally, Dean Knotts described the general fear Appellant engendered amongst the faculty as a further reason he opposed Appellant's tenure. For example, one colleague was "scared to come to work" in light of Appellant's comments and sought an arrangement to teach on-line to avoid interacting with Appellant. J.A. 146.[2] Another colleague had to see a therapist and considered resigning from WCU because of Appellant. The University Collegial Review Committee also voted to deny tenure to Appellant because it "was concerned about [Appellant's] pattern of disruptive behavior." *Id.* at 134.

---

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

5

Therefore, based on the entire record, we hold that a reasonable jury would not conclude that discriminatory animus was the but-for cause of WCU's negative tenure determination. *See Gentry*, 816 F.3d at 235.

Moreover, in accord with our sister circuits, we are hesitant to second guess the "subjective and scholarly judgments" involved in professorial employment matters. *Jiminez v. Mary Washington Coll.*, 57 F.3d 369, 376 (4th Cir. 1995) (quotation marks omitted); *see also E.E.O.C. v. Amego, Inc.*, 110 F.3d 135, 145 (1st Cir. 1997) ("In the context of academic tenure cases, this court has been attentive to the need to balance the right of a plaintiff to be free from discrimination against the undesirable result of having the court sit as a 'super-tenure committee.'" (quoting *Villanueva v. Wellesley Coll.,* 930 F.2d 124, 129 (1st Cir. 1991))). Ultimately, in a circumstance such as this where substantial evidence supports the lawful denial of tenure, we will not interfere with that decision.

IV.

For the foregoing reasons and for the reasons ably stated in the district court's opinion, we affirm.

*AFFIRMED*